UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KYLE D.,

Plaintiff,

v.

5:25-cv-00222 (ML)

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

APPEARANCES: OF COUNSEL:

OLINSKY LAW GROUP
Counsel for the Plaintiff
250 South Clinton Street - Suite 210
Syracuse, New York 13202

CHELSEA W. RYAN, ESQ.

SOCIAL SECURITY ADMINISTRATION
Counsel for the Defendant
6401 Security Boulevard
Baltimore, Maryland 21235

VERNON NORWOOD, ESQ.
Special Assistant U.S. Attorney

MIROSLAV LOVRIC, United States Magistrate Judge

# ORDER

Currently pending before the Court in this action, in which Plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on September 14, 2026, during a telephone conference

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1) Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is DENIED.

2) Defendant's motion for judgment on the pleadings (Dkt. No. 14) is GRANTED.

3) The Commissioner's decision denying Plaintiff Social Security benefits is AFFIRMED.

4) Plaintiff's Complaint (Dkt. No. 1) is DISMISSED.

5) The Clerk of Court is respectfully directed to enter judgment, based upon this determination, DISMISSING Plaintiff's Complaint in its entirety and closing this case.

Dated: September 17, 2026
Binghamton, New York

Miroslav Lovric
United States Magistrate Judge
Northern District of New York

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------------------------x

KYLE D.,

Plaintiff,

-v- 5:25-CV-222

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

------------------------------------------------------x

**DECISION TRANSCRIPT**
**BEFORE THE HONORABLE MIROSLAV LOVRIC**
September 14, 2026
15 Henry Street, Binghamton, NY 13901

For the Plaintiff:

OLINSKY LAW GROUP
250 South Clinton Street
Suite 210
Syracuse, New York 13202
BY: **CHELSEA RYAN, ESQ.**

For the Defendant:

SOCIAL SECURITY ADMINISTRATION
26 Federal Plaza
Room 3904
New York, New York 10278
BY: **VERNON NORWOOD, ESQ.**

(The Court and all parties present by video. Time noted: 2:13 p.m.)

THE COURT: All right. The Court's going to begin its decision and reasoning as follows: So the Court begins by stating that plaintiff has commenced this proceeding pursuant to Title 42, U.S. Code, Section 405(g) to challenge the adverse determination by the Commissioner of Social Security finding that he was not disabled at the relevant times and, therefore, ineligible for the benefits that he sought.

By way of background, the Court notes as follows: Plaintiff was born in 1993. He is currently approximately 33 years of age. He was 29 -- approximately 29 years of age on the date of his application for benefits. At the time of his most recent administrative hearing, he resided with his wife and his three-year-old son.

Plaintiff stands approximately 6'1" inch and weighs approximately 202 pounds.

Plaintiff is a high school graduate who attended regular education classes and completed one year of college. Plaintiff served in the United States Army Special Forces for approximately five years, with multiple deployments. Following his honorable discharge, plaintiff has had a limited employment history that includes short-term positions as an office administrative assistant and a security guard. Plaintiff testified that he had been unable to maintain full-time

employment due to physical and mental health issues related to his combat experience and the trauma of losing fellow veterans.

Procedurally, the Court notes as follows: Plaintiff protectively filed for Title II benefits on January 17th of 2023, alleging an onset date of January 1st of 2020.

At the time of his benefits application, plaintiff claimed disability based on a number of physical and mental health impairments, including bilateral knee tendonitis, bilateral ankle sprains, cervical spine paraspinal tendonitis, hip pain, migraines, adjustment disorder, anxiety, and depression.

Administrative Law Judge Mary Jane Pelton conducted a hearing on February 27th of 2024, to address plaintiff's application for benefits, at which plaintiff, plaintiff's wife, and vocational expert Christine DiTrinco testified.

ALJ Pelton issued an unfavorable decision on March 12, 2024. On April 29, 2024, the Appeals Council remanded the case back to the ALJ for reevaluation of the testimonial evidence, its impact on plaintiff's RFC, and the resulting effect on the availability of jobs that plaintiff can perform. That remand order specifically directed the reevaluation of the testimony from plaintiff's wife.

Following an October 8, 2024, hearing, the ALJ issued a new unfavorable decision dated November 4th of 2024. That decision became the final determination of the agency on

December 20, 2024, when the Appeals Council denied plaintiff's request for review.

This action was commenced on February 19, 2025, and it is timely.

In her November 4, 2024, decision at issue in this case, the ALJ first determined that plaintiff met the insured status requirements of the Social Security Act through September 30, 2024, and then commenced the familiar five-step test for determining disability.

At step one, the ALJ concluded that plaintiff had not engaged in substantial gainful activity from his alleged onset date of January 1, 2020, through his date last insured of September 30, 2024.

At step two, the ALJ concluded that plaintiff had the following severe impairments through his date last insured: And those are bilateral ankle and knee tendonitis; history of TBI with migraines; a depressive disorder; an adjustment disorder; an anxiety disorder; a conversion disorder; and posttraumatic stress disorder, also referred to as PTSD.

At step three, the ALJ concluded that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. In making this determination, the ALJ expressly considered: Listings 11.18, dealing with traumatic brain injury; listing 12.04, dealing with depressive, bipolar, and related disorders;

listing 12.06, dealing with anxiety and obsessive compulsive disorders; and listing 12.15, dealing with trauma and stressor-related disorders. The ALJ also considered whether plaintiff's tendonitis met any musculoskeletal listing and whether plaintiff's headaches met or equaled any neurological listing.

Next, the ALJ determined that the plaintiff had the residual functional capacity, also referred to as RFC, to perform less than the full range of light work prior to the date last insured. And specifically, the ALJ found plaintiff as follows: The ALJ articulated that plaintiff was unable to climb ladders, ropes, or scaffolds or crawl; that plaintiff needed to avoid exposure to hazards such as unprotected heights and dangerous moving machinery; that plaintiff could occasionally climb ramps and stairs; that plaintiff could occasionally balance, crouch, stoop, and kneel; that plaintiff was limited to a moderate noise environment; that plaintiff could understand, remember, and carry out simple instructions and use judgment to make simple, work-related decisions.

The ALJ also found that plaintiff could work in a job with occasional changes in the routine -- routine work setting, but could not perform work requiring a specific production rate or work that required hourly quotas. The ALJ also found plaintiff could have occasional interaction with coworkers and supervisors, but no interaction with the public. The ALJ also

found plaintiff could not work outside in bright sunshine or with bright or flickering lights, as would be experienced with the welding or cutting of metals.

At step four, the ALJ determined that plaintiff had no past relevant work.

At step five, the ALJ relied on the vocational expert testimony to find that, considering plaintiff's age, education, work experience, and RFC, that there were jobs existing in the -- in significant numbers in the national economy that plaintiff could perform through the date insured.

Accordingly, the ALJ found that plaintiff was not disabled at any time from the alleged onset date of January 1, 2020, through the date last insured.

Turning now to the arguments by plaintiff. As you know, this Court's functional role in this case is limited and extremely deferential. The Court must determine whether correct legal principles were applied and whether the determination is supported by substantial evidence, which is defined as such relevant evidence as a reasonable mind would find sufficient to support a conclusion. As the Second Circuit noted in *Brault v. Social Security* at 683 F.3d 443, a 2012 case. And therein, the Circuit noted that this standard is demanding, more so than the clearly erroneous standard. The Court noted in *Brault*, also, that once there is a finding of fact, that fact can be rejected only if a reasonable factfinder would have to conclude

otherwise.

In this case, plaintiff raises three primary contentions in this proceeding: First, plaintiff argues the ALJ failed to properly evaluate plaintiff's migraines in accordance with SSR 19-4p and the criteria under listing 11.02; second, plaintiff argues that the ALJ failed to properly evaluate plaintiff's testimony regarding his functional limitations; and third, plaintiff argues that the ALJ's evaluation of the testimony from plaintiff's wife did not comply with the Appeals Council's April 29, 2024, remand order.

The Court begins its reasoning and analysis as follows: This Court finds that substantial evidence supports the ALJ's evaluation of the evidence addressing plaintiff's functional limitations, including the opinion and testimonial evidence, for the reasons set forth in defendant's brief, and this Court adds the following analysis.

Plaintiff argues that the ALJ erred in his step three analysis of plaintiff's recurrent migraines. This Court notes that there is no specific listing for migraines, but that SSR 19-4p, binding on the ALJ, provides that the "most closely analogous listed impairment" is listing 11.02, dealing with epilepsy.

SSR 19-4 further directs an ALJ to consider several factors when evaluating whether an individual's migraines are medically equivalent to a listed impairment, including the

following: A detailed description from an acceptable medical source of a typical headache event; next, the frequency of headache events; next, adherence to prescribed treatment; and lastly, side effects of treatment and limitations in functioning that may be associated either with -- with either the migraines or associated with treatment, such as activities of daily living or sleep disturbance.

Although the ALJ did not directly reference them in his step three determination, the ALJ's analysis was consistent with the factors identified in SSR 19-4 and listing 11.02.

For example, the ALJ made an express finding that plaintiff's migraines did not meet or equal any neurological listing. This Court notes that the neurological listings are all categorized under the broader listing 11.00, and thus necessarily encompass listing 11.02.

In addition, the ALJ's step three analysis addressed several of the relevant factors set out in SSR 19-4, by finding that plaintiff's migraines occurred "every week or two," that plaintiff had not received any specialized treatment for his headaches, and that plaintiff generally treated them with over-the-counter medication.

Elsewhere in the decision, the ALJ cited the consultative physician's report that plaintiff's headaches are triggered by stress, as well as two consultive psychiatric opinions finding plaintiff had no more than mild limitations in

attention, concentration, and memory as a result of his TBI and the resulting headaches.

Surveying the broader medical record, the ALJ also noted that plaintiff had not required any emergency room visits or any inpatient treatment for his migraines.

Multiple courts within this district have upheld an ALJ's finding that a claimant does not meet a listing even where the decision lacks an express rationale for that finding, so long as the step three determination is supported by substantial evidence. In such cases, the ALJ's failure to explicitly evaluate the listing 11.02 criteria is no more than harmless error. See case of *Lorraine Michele H. v. Commissioner*. That's found at 21-CV-13. That is a Northern District of New York case. Magistrate Judge Dancks issued the report and recommendation and District Judge D'Agostino affirmed that. And that can be found at 2022 WL 7285345 at page 7. And, again, that's a Northern District of New York, September 13, 2022, report and recommendation adopted by Judge D'Agostino. Judge D'Agostino's decision can be found at 2022 WL 4545541, a Northern District of New York decision, September 29th of 2022.

This Court agrees with that reasoning and finds it directly applicable to plaintiff's challenge to the ALJ's step three determination. Therefore, this Court finds no grounds for remand presented by the ALJ's evaluation of whether plaintiff's migraines were a listed impairment.

Moving to plaintiff's second argument, plaintiff challenges the ALJ's evaluation of his hearing testimony, particularly regarding the frequency and severity of his headaches and the resulting functional limitations.

Plaintiff testified at both administrative hearings regarding his functional limitations, including physical injuries and wear and tear from his combat experience, post-concussion symptoms caused by exposure to explosions, as well as difficulties with memory, concentration, emotional regulation and social interaction due to PTSD from the loss of fellow service members overseas and after their return home.

During those two separate hearings, plaintiff touched on the impact of his migraines, but did not provide expansive testimony regarding their frequency or severity. Instead, plaintiff's brief highlights his statements during a September 2023 chiropractic evaluation describing two migraines per month and six cervicogenic headaches per month.

Recognizing that a claimant's subjective description of his symptoms cannot establish disability by itself, and that the reviewing court must give great deference to the ALJ's assessment of hearing testimony, this Court finds that the ALJ marshaled substantial evidence to support his conclusions -- I should say her conclusions regarding plaintiff's subjective testimony in these areas, and reasonably credited or discounted plaintiff's subjective complaints against the broader medical

record and plaintiff's activities of daily living.

For example, the ALJ compared plaintiff's descriptions of his migraines and other headaches with his statements during the consultive examination, multiple consultive psychiatric examinations, and plaintiff's treatment history.

The ALJ similarly considered plaintiff's testimony regarding his ability to stand or walk for extended periods against multiple physical examinations, as well as plaintiff's daily activities, including working out regularly at the gym.

The ALJ applied the same approach to plaintiff's description of his difficulties with emotional regulation and social interaction by discussing the relevant mental health opinions, plaintiff's mental health treatment record documenting improvement with treatment, and plaintiff's regular activities, including socializing with friends and family and travel. While these activities are not dispositive on their own, they are a relevant consideration when evaluating plaintiff's claimed symptoms and limitations.

Moving to plaintiff's final argument, this Court notes that plaintiff's wife testified at his February 2024 hearing regarding plaintiff's ability to regulate his emotions, control his behavior, and maintain his wellbeing, and the functional limitations imposed by his PTSD and anxiety.

The ALJ's original March 2024 decision did not

address any of this third-party testimony. Recognizing this error, the Appeals Council directed the ALJ to consider the testimony on remand.

Plaintiff argues that the ALJ provided a cursory summary of this testimony that failed to comply with the Appeals Council's order. This Court disagrees, and finds that the ALJ complied with the administrative remand order.

On remand, the ALJ summarized plaintiff's wife's testimony regarding his road rage and difficulty getting along with others, as well as his sleep issues and nightmares related to his PTSD. She then assessed that testimony at steps three and four in the context of the broader record, including VA Hospital treatment notes covering the period from 2019 to 2023, consultative examination reports, the mental health opinions, and plaintiff's activities of daily living.

Accordingly, this Court finds that the ALJ complied with the Appeals Council's remand order.

In large measure, plaintiff's challenges to the ALJ's evaluation of the testimonial evidence are premised on a disagreement over how the ALJ resolved arguably conflicting evidence about plaintiff's functional limitations. It is not sufficient that reasonable parties could interpret the evidence differently, and it is not the function of this reviewing court to reweigh the evidence. Therefore, this Court finds no justification for remand based on the ALJ's evaluation of the

hearing testimony or other subjective descriptions of plaintiff's symptoms and limitations.

As a result, plaintiff's motion for judgment on the pleadings is denied; defendant's motion for judgment on the pleadings is granted; plaintiff's complaint is dismissed; and the Commissioner's decision denying plaintiff benefits is affirmed.

That constitutes the decision of this Court. As I indicated, I will have the decision, as I just articulated, transcribed. I will then attach it to a summary order and file it on the docket in short order.

That will conclude our proceedings for today, everyone. Ms. Ryan, Mr. Norwood, I hope you both have a good rest of the day, and court stands adjourned. Thank you.

(Time noted: 2:34 p.m.)

CERTIFICATE OF OFFICIAL REPORTER

I, HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR, NYRCR, Official U.S. Court Reporter, in and for the United States District Court for the Northern District of New York, DO HEREBY CERTIFY that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 17th day of September, 2026.

s/ Hannah F. Cavanaugh

HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR, NYRCR
Official U.S. Court Reporter